BERTRAND SALOY *v.* WM. T. LEONARD et al.

*In a suit to recover damages on account of a seizure made without any warrant in law—Held : That the plaintiff, having in vain endeavored to obtain the original writ of seizure, was authorized to prove, by secondary evidence, its issuing and the action of the Constable under it.*

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*G. & C. E. Schmidt* for plaintiff and appellant.    *G. A. Breaux,* for defendant.

DUFFEL, J.   We think with the District Judge, that the seizure in this case was made without any warrant in law, and that the defendants are, consequently, responsible to the plaintiff for the losses sustained by him.

The evidence objected to by the defendants was properly received, 1st, because the defendants must be viewed as mere trespassers ; 2d, because the plaintiff, having in vain endeavored to obtain the original writ of seizure, was authorized to prove, by secondary evidence, its issuing and the action of the Constable under it.

The District Judge only allowed certain items of the account, to the amount of $170, and refused to allow the others, considering that their value was not established ; he also refused, for the same reason, damage for the rent lost by the plaintiff in consequence of the seizure.

The whole account, under the peculiar nature of the case, was sufficiently proved by the witness, *Greneaux,* and besides, the value of some of the rejected items was established by other witnesses.   We will, therefore, add the excluded items, by taking the lowest estimates, as follows : 16 decanters $16, 13 demijohns $9 66, sugar-bowl $2 50, 1 glass jar 50c., 1 lemon squeezer, 50c., 5 waiters $2 50, 34 tumblers $2 75,  9 wine glasses $1 13, 3 dozen spoons $3 50, 1 hammer 50c., 21 billiard cues $16 66, 5 billiard balls $5, 3 tables $6, 1 large screen $10, 1 camphene can 75c.—in all $77 95.   We also think that the plaintiff lost at least one month's rent, by reason of the seizure, that is to say, $60.

It is, therefore, ordered, that the judgment of the lower court be reversed and set aside ; and it is further ordered, adjudged and decreed, that the writ of injunction issued herein be perpetuated, and that the defendant, *G. W. Simpson,* Constable of the Second Justice's Court of New Orleans, deliver to the plaintiff all the property seized by him, as described in the opinion of the District Judge and in our opinion, in the condition and order in which the same was when seized, otherwise that the said Constable, and *Wm. T. Leonard* and *Wm. A. Leonard,* be condemned *in solido* to pay to the plaintiff the sum of two hundred and forty-seven dollars and ninety-five cents.   It is further ordered, that the said defendants be condemned *in solido* to pay to the plaintiff, as special damages, sixty dollars, with costs in both courts.

LAND, J., absent.